*374 Tbe opinion of the .Court was delivered bj
WhitNer, J.
Proper legal tests applied to this indictment reveal incontestibly that it is defective in form. It alleges that the defendant “ on the first day of May, in the year of onr Lord, one thousand eight hundred and fifty-sis, at Chester Court house, in the district and State aforesaid, did sell and expose to sale divers goods, wares, and merchandise, the said A. P. then and there being a pedler, and not having obtained a lawful license for that purpose,” &c. In all criminal proceedings the party charged should not be led blindfold to the altar. He should know the crime he is called to answer, and it should be so definitely charged that he may know how to shape his defence. When once tried his acquittal or conviction should ensure his subsequent protection against a second proceeding for the same offence. Certainty is required, and this includes as well the matter charged as the manner of charging it. A sale proved at any time anterior to the bill found, and within six months preceding the warrant, at any point in the district of Chester, of any article of merchandise, and to any person, would sustain the allegation in this indictment.
The offence of peddling is very analogous to the offence of retailing, and the present indictment is in exact analogy to a form of indictment examined by the Court in State vs. Steedman, 8 Rich. 312.
If the conviction of Steedman on the indictment there preferred against him, could not be sustained, we are all of opinion that the objection is equally fatal in this case. I may be excused from any further vindication of the judgment I am to announce, than may be found in the case referred to. The distinguishing circumstances that would serve to indicate the specific offence intended to be relied on, were equally called for and equally attainable; and I may add as readily set forth in the pleading in the one case as the other.
There might be references to books on Criminal Pleading, as well as other adjudged cases, for they have been examined *375 and sustain tbe ruling now adopted, but it is not thought necessary.
Neither is it necessary to consider the other grounds of appeal. If the present prosecuting officer shall think proper to pursue this defendant any further, the case will be heard and adjudged upon the evidence adduced.
The proceeding in its present form can lead to no result, and though no motion has been formally made in arrest of judgment, such is manifestly the proper order.
It is therefore ordered that the judgment in this case be arrested.
O’Neall, G-lovee, and MüNEo, JJ., concurred.

Judgment arrested.